UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STEVE IMBODY. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-CV-0218 |
| | ) | |
| C & R PLATING CORP. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

Before the Court are Defendant, C & R Plating Corporation's ("C & R") "Motion to Dismiss under Rule 12(B)(6) for Failure to State a Claim..." and its accompanying "Motion for Oral Argument" filed on November 14, 2008. Plaintiff responded on December 1, 2008 to which C & R replied on December 8, 2008.[1] For the following reasons, C & R's Motion to Dismiss will be GRANTED in part and DENIED in part. C & R's Motion for Oral Argument will be DENIED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Williams v. Seniff*, 342 F.3d 774, 781 (7th Cir. 2003). The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Cole v. U.S. Capital, Inc.*, 389

[1]This case was reassigned on December 31, 2008 from Chief Judge Robert L. Miller to the undersigned.

F.3d 719, 724 (7th Cir.2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The Supreme Court recently clarified the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007). That case abrogated the rule established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, *Bell Atlantic*, 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008).

It is not necessary, however, for a complaint to allege specific facts that conclusively establish aright to relief. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atl.*, 127 S.Ct. at 1964). A complaint is adequately pled as long as it includes facts sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal citations omitted). "Once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp.*, 127 S.Ct. at 1969 (quoting *Sanjuan v. American. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994).

**FACTUAL ALLEGATIONS**

Plaintiff, Steven Imbody ("Imbody") began his employment with C & R on March 31, 2006 performing job duties on the barrel line. According to the allegations in the Complaint, on June 19,

2006, Imbody injured himself on the job. Imbody sought treatment for his injury under C & R's worker's compensation policy and he also sought treatment from C & R's physicians. Documents attached to the Complaint further indicate that Imbody suffered from lumbar and thoracic strains. On June 20, 2006, Imbody's physician provided him with work restrictions of "no bending, reaching, squatting, twisting, or climbing; no lifting over 10lbs, no standing or walking; and alternate between sitting and standing as needed." (Complaint ¶16). Imbody, in turn, requested accommodation from C & R for his injuries but was asked to perform work in violation of the medical restrictions set out above. (Complaint ¶s18, 19). On June 27, 2006, Imbody returned to his physician and again was provided with medical restrictions similar to the original restrictions he was given on June 20. C & R terminated Imbody the next day.

Imbody alleges various reasons for his discharge including that he was terminated because of his disability or C & R's perception that he was disabled and unable to perform his job duties with or without reasonable accommodation (Count I); and/or C & R terminated him in retaliation for seeking accommodation for his disability or perceived disability (Count II); and/or that C & R retaliated against him for seeking worker's compensation benefits for his work-related injury (Counts III and IV).

## **DISCUSSION**

C & R contends that Imbody's Complaint fails to state a claim for relief on any of the counts in the Complaint. C & R asserts, for instance, that Imbody has not pled enough facts to establish that he suffered from a disability within the meaning of the ADA or that he could perform the essential functions of his job with or without reasonable accommodation. C & R also asserts that there is nothing alleged in the Complaint to show that C & R regarded Imbody as having an

impairment that substantially limits one or more major life activities. With respect to the ADA retaliation count, C & R asserts that Imbody has not properly alleged that he engaged in protected activity so as to come within the statutory language prohibiting retaliation. Finally, C & R argues that Imbody's state law Frampton[2] discharge claim and his retaliatory discharge claim are time-barred. Each claim shall be addressed below.

## I. ADA Claim

Fed.R.Civ.P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

To state a claim under the ADA the plaintiff must adequately allege that he suffers from a disability. "The term "disability" means, with respect to an individual-(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Although the ADA does not further define the terms "physical or mental impairment", "substantially limits", and "major life activities" the EEOC regulation offers guidance. The EEOC defines "physical or mental impairment" as:

> (1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine;

---

[2] *Frampton v. Indiana Gas Company*, 260 Ind. 249 (1973).

or

(2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 CFR § 1630.2(h). The term "substantially limits" means,

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 CFR § 1630.2(j)(1)

The regulations, in turn, define the term "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The use of "such as" denotes that this list is exemplary and not exhaustive.[FN2] *Bragdon v. Abbott*, 524 U.S. 624, 639, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). The Supreme Court further defined the term "major life activities" as referring "to those activities that are of central importance to daily life." *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

In his Complaint, Imbody alleges that he has a disability, or that his employer regarded him as having a disability, that he could perform the essential function of his job with accommodations and restrictions set forth by his treating physician, and that he was discharged without being given the accommodations he sought. As C & R points out, what Imbody has not alleged specifically how his injury substantially limits a major life activity, which is a crucial fact for determining whether he, in fact, suffers from a disability. *See Rodriguez-Diaz v. Big K-Mart,* 582 F.Supp.2d 147 (D.

Puerto Rico 2008) (granting motion to dismiss because plaintiff must allege facts which, if proven, would demonstrate that she is substantially limited in a major life activity). However, Imbody does set forth medical restrictions authorized by his physician which indicate “no bending, reaching, squatting, twisting, or climbing; no lifting over 10lbs, no standing or walking; and alternate between sitting and standing as needed.” (Complaint, ¶16). Taking these facts together with the allegation of injury and giving Imbody all the inferences to which he is entitled, he may well be able to identify an activity in which he is substantially limited due to his back injury. After all, this inquiry is a sensitive, fact-based, individualized analysis looking “at the nature, severity, duration, and impact of the impairment.” *Fraser v. Goodale,* 342 F.3d 1032, 1039 (9th Cir.2003) (citing 29 C.F.R. § 1630.2(j)(2)(i)-(iii)). Thus, it is premature for this court to dismiss his claim without giving him an opportunity to present evidence on the point.

Imbody also asserts, however, that C & R “regarded him” as having a disability and thus, terminated him rather than making accommodation for him. Asserting such a claim is an alternative way to meet the requirement that the plaintiff be an individual with a disability and, for similar reasons as those set out above, Imbody, through discovery, may be able to support such a claim.

Certainly, the complaint here does not contain all of the detailed facts that Imbody will need to ultimately prevail on his ADA claim, but Rule 8 does not contemplate that a complaint should do that; it should be “short and plain.” “Rule 8 does not require-or permit district judges to require-fact pleading.” *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003). Federal practice uses a notice-pleading system, not a code-pleading system, see *Bartholet v. Reishauer A.G.* ( *Zürich*), 953 F.2d

1073 (7th Cir.1992), and here, C & R is clearly on notice of the claim Imbody presents.[3] Accordingly, the Motion to Dismiss the ADA claim made pursuant to 42 U.S.C. §12112 is DENIED.

## II. ADA RETALIATION CLAIM

With respect to his claim of retaliation, Imbody asserts the following:

> During...Imbody's employment with C & R, Defendant retaliated against Imbody for Imbody having complained about Defendant's job assignments causing him pain and/or violating his work restrictions, Defendant's failures to accommodate him or provide light duty work within his medical restrictions, and/or Defendant's failures to engage in an interactive process with Imbody concerning accommodation of his medical restrictions as the Plaintiff was lawfully entitled to do.

Complaint, ¶43. C & R asserts that the above allegations are a mere restatement of Imbody's claim that C & R failed to accommodate him and thus, they are not cognizable under the retaliation provisions of the ADA.

The ADA's prohibition on retaliation prevents an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." 42 U.S.C. § 12203(a). A plaintiff must show that (1) a statutorily protected activity; (2) an adverse action; and (3) a causal

---

[3]Moreover, after the Supreme Court's decision in *Swierkiewicz*, it is clear that to survive a motion to dismiss, the plaintiff in an employment discrimination case need not allege facts corresponding to each element of a *prima facie* case under the *McDonnell Douglas* framework. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (fact pleading not required in federal court). "The *prima facie* case under *McDonnell Douglas* is an evidentiary standard ... not a pleading requirement." *Swierkiewicz,* 534 U.S. at 510, 122 S.Ct. 992. As the Seventh Circuit recently reiterated, "a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo*, 526 F.3d at 1081. "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (citation omitted). Indeed, a litigant is entitled to conduct discovery before her claims are "put to their proof." *Id.* Even after *Bell Atlantic*, a complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Id.* at 1084.

connection existed between the protected activity and the materially adverse action. *Mobley v. Allstate Ins. Co.* 531 F.3d 539, 549 (7th Cir. 2008).

Here, Imbody's claim of retaliation is based upon the failure to accommodate his impairment by refusing to place him in a position that would not require him to exceed his various medical restrictions. Thus, the retaliation claim is based upon the same conduct that supports the alleged discrimination claims. Although requesting a reasonable accommodation may constitute protected activity and the ADA protects even individuals who are not disabled from retaliation, the mere denial of the accommodation claimed to violate the substantive anti-discrimination provisions of the ADA simply cannot support a retaliation claim. *See Lucas v. WW Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir.2001).

Recently in *Supinski v. United Parcel Service, Inc*, 2009 WL 113796, 8 (M.D.Pa. 2009) the district court explained the rationale in this way, "[i]f an employee is not entitled to a reasonable accommodation under the law, the denial of the requested accommodation simply cannot support a retaliation claim. If, however, the employee is entitled to the reasonable accommodation refused by the employer, then a disability discrimination claim has been established, not a retaliation claim."

As noted, Imbody has not alleged any protected activity outside of his request for accommodation, and thus, he cannot as a matter of law support a retaliation claim under the ADA. Accordingly, the Defendant's Motion to Dismiss this claim is GRANTED.

## III. STATE LAW CLAIMS UNDER *FRAMPTON* and RETALIATORY DISCHARGE

In Counts III and IV of his Complaint, Imbody asserts that he was terminated in retaliation for seeking worker's compensation benefits. C & R moves to dismiss these claims asserting that

these state law claims are time-barred.[4]

Pursuant to IC 34-11-2-1, "an action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including but not limited to, hiring or failure to hire, suspension, discharge, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of." In this case, Imbody contends that he was discharged on June 28, 2006 and it is this act for which he seeks redress. Based upon the statutory limitations period above, the limitations period ran on June 28, 2008, nearly three months prior to his initiation of this lawsuit.

Nevertheless, in his response, Imbody asserts new facts not set out in the Complaint and further contends that by virtue of these facts, he has established a timely claim. For instance, Imbody claims that he filed an Alternative Dispute Resolution with the Indiana Worker's Compensation Board on October 23, 2006 and a Cause on November 13, 2007. As a result of these filings, C & R agreed to compensate Imbody through February 5, 2007. Thus, Imbody asserts that the cause of action, for limitations purposes, accrues from the date Imbody stopped receiving payments from C & R.

C & R asks the court to strike the above argument because these facts are outside the Complaint and, by looking at the face of the Complaint, it is clear that these causes of action are time-barred. Having reviewed the Complaint, it is clear that with the state of the present record, Imbody has pled himself out of court by alleging facts which, when accepted as true, place his

[4]A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005).

claim outside the applicable statute of limitations. However, rather than dismiss the claims outright, the court will permit Imbody fifteen (15) days to file an amended claim to assert the facts set forth in his brief. If, after the amended complaint is filed, C & R believes that Imbody has still not stated a claim for relief, it may file a renewed Motion to Dismiss these claims.

**CONCLUSION**

Based on the foregoing, C & R's Motion to Dismiss is DENIED as to the ADA claim for failure to accommodate; the Motion to Dismiss is GRANTED as to the claim of ADA retaliation. As for the supplemental state law claims, Imbody has fifteen (15) days to file an Amended Complaint setting forth facts which would support the timeliness of his Frampton discharge and retaliatory discharge claims. C & R's request for oral argument is DENIED as MOOT.

Entered: This 23rd day of January, 2009

s/ William C. Lee
United States District Court