UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| STEVE IMBODY. | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CASE NO. 1:08-CV-0218 |
| C & R PLATING CORP. | ) |
| Defendant. | ) |

MEMORANDUM OF DECISION AND ORDER

Before the Court is Defendant, C & R Plating Corporation's ("C & R") "Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) for Failure to State a Claim…" filed on March 3, 2009.[1] Plaintiff responded on April 28, 2009 to which C & R replied on May 19, 2009. Embedded in C & R's reply of May 19, 2009 was a "Motion to Strike" to which the Plaintiff responded on June 5, 2009. On June 9, 2009 C & R made a Rule 12(f) Motion to Strike the Plaintiff's reply to C & R's embedded Motion to Strike. Plaintiff responded on June 18, 2009 to which C & R replied on June 23, 2009. For the following reasons, C & R's Motion to Dismiss will be GRANTED; C & R's Request for Sanctions will be DENIED, as will be their Motions to Strike.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Williams v. Seniff,* 342 F.3d 774, 781 (7th Cir. 2003). The

---

[1] C & R's motion to dismiss is actually a partial motion, as this court has previously found Imbody's ADA claim to be valid. The partial motion at bar concerns only ¶ 74 of count I and counts II & III.

court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *Cole v. U.S. Capital, Inc.,* 389 F.3d 719, 724 (7th Cir.2004) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The Supreme Court recently clarified the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly,* 127 S.Ct. 1955 (2007). That case abrogated the rule established in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, *Bell Atlantic,* 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008).

It is not necessary, however, for a complaint to allege specific facts that conclusively establish aright to relief. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atl.,* 127 S.Ct. at 1964). A complaint is adequately pled as long as it includes facts sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal citations omitted). "Once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp.,* 127 S.Ct. at 1969 (quoting *Sanjuan v. American. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994).

## FACTUAL ALLEGATIONS

Plaintiff, Steven Imbody ("Imbody") filed his Original Complaint with this court on September 24, 2008. The Original Complaint included four claims: Counts I and II were claims of failure to accommodate and retaliation pursuant to the Americans with Disabilities Act (ADA) 42 USC §12112 while Counts III and IV were state law claims for Frampton discharge and retaliatory discharge.[2] In response to the complaint, C & R filed a Fed.R.Civ.P 12 (b)(6) motion to dismiss all four counts for failure to state a claim. In considering C & R's motion, this court found that: count I was proper and timely, count II was dismissed for failure to allege protected activity outside the accommodation claim, and counts III and IV were time-barred. However, rather than dismiss counts III and IV, this court permitted Imbody to file an Amended Complaint wherein he was provided an opportunity to "se[t] forth facts which would support the timeliness of his Frampton discharge and retaliatory discharge claims." Order at 10. Additionally, C & R was specifically granted permission to file a renewed Motion to Dismiss if Imbody failed to assert a claim for relief in his Amended Complaint. *Id*.

On February 9, 2009 Imbody filed his Amended Complaint comprised of three claims: an ADA claim for failure to accommodate under 42 USC §12112, *et. seq.* (count I), a Frampton discharge claim (count II) and a retaliatory discharge claim (count III). Each of the three counts in the Amended Complaint contains state law claims: ¶ 74 of count I and counts II & III in entirety. On March 24, 2009, C & R motioned under Fed.R.Civ.P 12 (b)(6) to dismiss Imbody's Amended complaint.

The basic facts set forth in the Amended Complaint remain true to the Original Complaint. Imbody began his employment with C & R on March 31, 2006 performing job duties on the barrel line. According to the allegations in the Amended Complaint, on June 19,

---

[2] Frampton claims arise when employees are discharged for filing worker's compensation claims under the Indiana Worker's Compensation Act. *Frampton v. Central Indiana Gas Co.*, 260 Ind. 245, 251 (1973).

2006, Imbody injured himself on the job. Imbody sought treatment for his injury under C & R's worker's compensation policy and he also sought treatment from C & R's physicians. Documents attached to the Complaint further indicate that Imbody suffered from lumbar and thoracic strains. On June 20, 2006, Imbody's physician provided him with work restrictions of "no bending, reaching, squatting, twisting, or climbing; no lifting over 10lbs, no standing or walking; and alternate between sitting and standing as needed." (Amended Complaint ¶29). Imbody, in turn, requested accommodation from C & R for his injuries but was asked to perform work in violation of the medical restrictions set out above. (Amended Complaint ¶20-21, 41). On June 27, 2006, Imbody returned to his physician and again was provided with medical restrictions similar to the original restrictions he was given on June 20. "Imbody was not allowed to return to work and C & R failed to accommodate Imbody's restrictions after June 28, 2006." Amended Complaint ¶32. C & R admits that Imbody was terminated on June 28, 2006. Reply to Amended Complaint ¶32, 39.

Imbody filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission's (EEOC) on April 10, 2007. (Amended Complaint, Exh. K). In that Charge he affirmatively avers that C & R terminated him about June 28, 2006, allegedly for missing one (1) day of work in May 2006.

Imbody also filed a request for Alternative Dispute Resolution with the Worker's Compensation Board of Indiana on October 23, 2006 and followed it by filing a Cause on November 12, 2007.[3] (Amended Complaint Exh G). Pursuant to the Indiana Worker's Compensation Act (hereafter "the Act"), Imbody and C & R negotiated and entered into a Voluntary Settlement on July 25, 2008, regarding Imbody's temporary total disability (TTD).

---

[3] An Alternative Dispute Resolution is suggested by the Indiana Workers Compensation Board as an option when a claim for Worker's Compensation cannot be informally resolved between the injured employee and the employer's insurance carrier.

(Amended Complaint Exh I). The approved settlement totaled $13,000 and was calculated "at the rate of $197.18 per week, beginning June 19, 2006, for a specific period of 33 weeks, for the 5% permanent partial impairment to the body as a whole; all compensation…shall be paid in a lump sum…" (Amended Complaint Exh J). The date 33 weeks after Imbody's termination on June 28, 2006 was February 5, 2007.

## DISCUSSION

Imbody's Amended Complaint is comprised of three claims: an ADA failure to accommodate claim, a Frampton discharge claim, and a retaliatory discharge claim. C & R asserts that ¶74 of Count I, which references state law remedies such as Negligent Infliction of Emotional Distress, and all of Counts II and III are state law claims and as such, are time-barred. Alternatively, C & R alleges that the state law claims comprising Counts II and III are waived either by the settlement agreement between Imbody and C & R and/or by Imbody's failure to raise these issues before the Workers Compensation Board.

### Statute of Limitations

C & R contends that the state law claims, and by extension the requested state law remedies in the Amended Complaint are not timely. A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005).

Imbody alleges in ¶ 74 of his Amended Complaint that he has "suffered negligent infliction of emotional distress, humiliation, mental pain, anguish, embarrassment to name, character and reputation and has suffered decreased employability…" These are state common

law causes of action for defamatory injuries to person and character. As such, Indiana Code §34-11-2-4 establishes a statute of limitations of two years from the date of wrongful act or omission. Likewise, Counts II and III also carry a two year statute of limitations pursuant to Indiana Code §34-11-2-1.

Having established that there is a two year statute of limitations for Imbody's state law claims, the date of injury or omission giving rise to the suit must be determined. While notice pleading permits some lack of specificity, the date of injury is a simple, threshold matter. Fed.R.Civ.P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

The date of discharge is especially critical in this case, since that becomes Imbody's date of injury for state of limitations purposes. Imbody was granted leave to amend in order to plead sufficiently pertinent facts to satisfy the timeline for his claims. In his Original Complaint, Imbody alleged he was terminated and/or discharged from C & R's employ on June 28, 2006. (Plaintiff's Complaint ¶¶29-33, 35, 40, 51-54, 60, & 61). C & R admitted Imbody was terminated on June 28, 2006. Imbody's EEOC charge, filed April 10, 2007, lists the latest date that discrimination took place as June 28, 2006, additionally noting that Imbody was "terminated" when he went into work on that June 28, 2006. (Amended Complaint Exh K).

The text of Imbody's Amended Complaint asserts claims against C & R without alleging a specific date of injury. Instead, Imbody merely claims that C & R "refused," "did not," or "failed" to return Imbody to work. (Plaintiff's Amended Complaint ¶¶ 32, 39, 40, 41, 42, 43, 44,

6

45, 63, 64, 66, 72). In so pleading, Imbody has omitted the terms "terminated" and "discharged" in reference to the date of June 28, 2006, which is itself omitted. The Seventh Circuit has held that this manner of pleading can evidence a plaintiff's knowledge that claims are time-barred. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 393 (7th Cir. 2000). Here this is precisely what Imbody appears to be attempting; indeed, he has attempted to circumvent a fact, i.e. the date of discharge which has not been previously called into question. In fact, Imbody himself indicated in his EEOC charge that he was discharged on June 28, 2006. The Seventh Circuit has held that "a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery." *Edwards v. Snyder,* 478 F.3d 827 (7th Cir. 2007). Here the relevant date is the date of discharge which Imbody has pled by virtue of his statements under oath in his EEOC charge and attached to his Amended Complaint. His attempts to now omit the discharge date are merely efforts to circumvent the statutory period.

The fact remains that Imbody's injury accrued when he was discharged or terminated by C & R. For purposes of Title VII and the ADA statute of limitations, "discrete discriminatory employment actions such as termination, failure to promote, denial of a transfer, or refusal to hire are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts." *Beamon v. Marshall & Ilsley Tris Co.*, 411 F.3d 854, 860 (7th Cir. 2005), citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-11; 153 L. Ed. 2d 106; 122 S. Ct. 2061 (2002). Regardless of whether Imbody was fired, dismissed, or discharged, the date of Imbody's injury was established by the dissolution of the employer-employee relationship. Imbody cannot extend statute of limitations simply by recouching the terminology with which he describes the alleged wrongful action. If pleading in this manner

7

were permitted, the wrongful act or omission would be ongoing and statutes of limitation would be meaningless.[4]

Nevertheless, Imbody argues several positions in an attempt to extend this timeframe. First, Imbody argues that C & R failed to return him to work after June 28, 2006; second, he alleges that his EEOC charge should constitute an "original pleading" for purposes of Fed.R.Civ.P. 15; and finally he claims that the statute of limitations should be begin to run on February 5, 2007 when he stopped receiving Temporary Total Disability (TTD) payments from C & R. However, as demonstrated below, all of Imbody's theories to make his state law claims timely, fail.

Fed.R.Civ.P. 15(c) requires that there be an original pleading properly within the statute of limitations. Imbody argues that his EEOC complaint should serve as an original pleading for this purpose. Invoking Fed.R.Civ.P. 15(c), Imbody asserts that his Amended Complaint (2/9/09) relates-back to his Original complaint (9/24/08), relating back to the EEOC charge (4/5/07), which in turn relates-back to "when the conduct of which [Imbody] claims occurred on 6/28/06." (P's Reply Doc. #39).

Permissible pleadings are identified by Fed.R.Civ.P. 7(a), which states in pertinent part:

> (a) **Pleadings.** Only these pleadingas are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

An EEOC charge is not one of the seven types of original pleadings. The Supreme Court has itself affirmed that EEOC charges are not pleadings under the Federal Rules. *Scarborough v. Principi*, 541 U.S. 401, 417 (2004). As such, Imbody's EEOC charge cannot serve as an original

---

[4] It was never the intention of this court to grant Imbody leave to amend only to have him replead with fewer facts. Specifically, leave was granted so that Imbody might *set forth facts* which would support his claim. Rather, it now appears that Imbody has merely omitted facts for the purposes of making his Amended Complaint appear timely.

pleading for relation back under Fed.R.Civ.P. 15(c).[5] Without a timely original pleading, there is no need to further examine Fed.R.Civ.P. 15(c) regarding notice and prejudice.[6] Since an EEOC complaint is not an original pleading, it cannot toll the statute of limitations for Imbody's additional state claims.

Alternatively, Imbody argues that the statute of limitations should begin to run on February 5, 2007, the date on which he stopped receiving TTD payments. Under this interpretation, the statute of limitations would expire on February 5, 2009, making all of Imbody's filings timely. Unfortunately, this argument too is wholly without merit.

Imbody's TTD payment was negotiated and agreed to in the Settlement Agreement of July 25, 2008. The employer's obligations under the Act are, "to compensate the employee for work related injuries (through insurance) and a right in the employee to receive such compensation." *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 251 (1973). "The Act outlines a compensation scheme which the employer, through insurance, has a duty to provide…It does not, however, mandate the provision of non-economic benefits, e.g., indefinite maintenance of an injured worker's employment status." *Smith v. Electrical System Division of Bristol Corp.*, 557 N.E. 2d 711, 713 (Ind. App. 1990). Since both *Frampton* and the Act do not require that employment status be maintained, the date of February 5, 2007 is without

---

[5] Imbody relies on several cases in arguing that his EEOC charge should constitute an original complaint for relation back purposes under Fed.R.Civ.P. 15. Most prominent among these case is *Cheek v. Peabody Coal Co.*, 97 F.3d 200 (7th Cir. 1996). Contrary to Imbody's asseritions, *Cheek* does not articulate the position that an EEOC charge should constitute an original pleading. Rather, *Cheek* deals with relation back of claims not specifically included in an EEOC charge, when the action itself was timely filed.

[6] Imbody relies on *Employees Committed for Justice v. Eastman Kodak Co.*, 407 F.Supp.2d 423 (W.D. N.Y. 2005), to assert that an EEOC charge can be used to show notice for Fed.R.Civ.P. 15(c)(1)(C)(i). Unlike Imbody's complaint, the district court complaint in *Kodak* was timely filed.

significance for the purposes of Imbody's claims.[7]  Thus, Imbody has not demonstrated his state law claims fall within the statutory period.

## CONCLUSION

In sum, Imbody was granted leave to file an Amended Complaint to allege more facts supporting his right to relief.  Rather than plead additional facts showing his right to relief, he merely omitted crucial dates and recouched the terms describing the same conduct which was previously found to be time-barred.  As such, Imbody has alleged no set of facts which would support his claim for relief.[8]

Based on the foregoing, C & R's Motion to Dismiss is GRANTED as to ¶74 of the ADA claim for failure to accommodate; the Motion to Dismiss is GRANTED as to counts II and III, the supplemental state law claims. C & R's request for sanctions is DENIED.  C & R's Motions to Strike are DENIED as MOOT.[9]  The case remains pending as to the ADA claim sans paragraph #74.

Entered: This 20th day of August, 2009

s/ William C. Lee<br>United States District Court

---

[7] Moreover, the TTD settlement, while calculated to be based on 33 weeks, was made in one lump sum.  The date of February 5, 2007 is without significance because no acts occurred; it simply represents a point 33 weeks after the alleged discrimination against Imbody by C & R.  No mention of the date occurs in the EEOC charge or the TTD settlement itself.  The ultimate result is that the TTD payment does not change the date of Imbody's dismissal or make his claims timely.

[8] Imbody also alleges that the settlement agreement concerning the TTD payment did not constitute a waiver of any claims against C & R.  Having determined that ¶74 of count I, count II and count III are time barred, there is no need to consider the contractual argument of whether Imbody waived his claims by accepting the settlement.

[9] C & R's motion to strike was embedded in their Reply Brief.  Aside from this violation of Local Rule 7.1(b), the court finds C & R's motion to be without merit.