UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVE IMBODY. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:08-CV-0218 |
| ) | |
| C & R PLATING CORP. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF DECISION AND ORDER

Plaintiff, Steve Imbody ("Imbody") sued C & R Plating ("C & R") under a number of theories relating to his discharge in June, 2006. After dismissing several counts, the remaining theory of relief is under the Americans with Disabilities Act, 42 U.S.C. §12112, et seq. for failure to accommodate and/or discrimination on the basis of Imbody's disability. Presently before the Court is C & R's "Motion to Exclude Anticipated Expert Testimony of Robert S. Barkhaus" pursuant to Fed.R.Evid. 702, filed on April 23, 2010. Imbody responded on May 4, 2010 to which C & R replied on May 11, 2010. For the following reasons, the motion will be DENIED.

### FACTUAL BACKGROUND

Imbody began his employment with C & R on March 31, 2006 performing job duties on the barrel line. On June 19, 2006, Imbody injured himself on the job. Imbody sought treatment for his injury under C & R's worker's compensation policy and he also sought treatment from C & R's physicians. Documents attached to the Complaint further indicate that Imbody suffered from lumbar and thoracic strains. On June 20, 2006, Imbody's physician provided him with work restrictions of no bending, reaching, squatting, twisting, or climbing; no lifting over 10 lbs, no standing or walking;

1

and alternate between sitting and standing as needed. (Amended Complaint, ¶29). Imbody, in turn, requested accommodation from C & R for his injuries but was asked to perform work in violation of the medical restrictions set out above. (Amended Complaint ¶s 20-21, 41). On June 27, 2006, Imbody returned to his physician and again was provided with medical restrictions similar to the original restrictions he was given on June 20. Imbody, however, was not allowed to return to work and C & R failed to accommodate Imbody's restrictions after June 28, 2006. (Amended Complaint ¶32). C & R admits that Imbody was terminated on June 28, 2006. (Reply to Amended Complaint ¶32, 39).

As required by Fed.R.Civ.P. 26(a)(2), Imbody has now designated Robert S. Barkhaus, Ph.D, CVE as his expert in this action. As can be gleaned from his expert report, Dr. Barkhaus is a vocational expert and purports to offer the following opinion testimony :

(1) Based on the description he received of Imbody's barrel line duties, his work would be classified as "very heavy work" because of the frequent lifting in excess of 50 lbs.
(2) Imbody is able to work with restrictions in the sedentary to light duty range. He should not lift more than 20 lbs, he should not push or pull more than 15 and 10 pounds, respectively; he can carry up to 25 lbs. He should not do any overhead lifting, climb ladders or work at heights. He can occasionally bend. He should not do any twisting. He can walk and sit occasionally to frequently.

In his conclusion, Dr. Barkhaus writes:

It is my conclusion as a Vocational Expert that Mr. Imbody with his limitations of performing only light or sedentary work has had a significant reduction of the types of occupations and specific jobs that he could perform. Mr. Imbody would be unable to perform any work in the medium, heavy, or very heavy exertional categories including the jobs listed in the research section of this report. In addition to experiencing a significant reduction in the types of occupations and specific jobs that he could perform Mr. Imbody's future earnings potential has also been significantly limited and reduced.

2

C & R has now moved to exclude Dr. Barkhaus's opinions based on Fed.R.Evid. 702 asserting (1) that the conclusions are not based upon sufficient facts or data; (2) the proffered testimony is irrelevant to the ADA claim before the court; and (3) the proffered conclusions do not relate to the facts of this case. According to C&R, the conclusions are not drawn with any reference to the ADA, discrimination, the effects of any discrimination on future employability or earning capacity.

## **DISCUSSION**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id.* The Supreme Court announced in *Daubert* and reaffirmed in *Kumho Tire* that under Rule 702, the "judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141 (1999) ("... *Daubert's* general holding-setting forth the trial judge's general 'gatekeeping' obligation-applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."). The primary purpose of the holdings in *Daubert* and *Kumho Tire* "is to protect juries from being bamboozled by technical evidence of dubious merit...." *SmithKline Beecham Corp. v. Apotex Corp.,* 247 F.Supp.2d 1011, 1042 (N.D.Ill.2003).

In general terms, Rule 702 has three major requirements. First, the proffered witness must

be an expert, i.e., he must be qualified. Second, the expert must testify about matters requiring specialized, technical or scientific knowledge within his qualifications set, i.e., the testimony must be reliable. Third, Rule 702 requires the expert's testimony to assist the trier of fact, i.e. be relevant to the facts of the particular case at hand. *See In re Asbestos Products Liability Litigation (No. IV),* ___ F.Supp.2d ___ 2010 WL 2104151 (E.D. Pa. May 24, 2010) (citing *Pineda v. Ford Motor Co.,* 502 F.3d 237, 243-44 (3d Cir.2008). In its brief, C&R makes certain arguments that half-heartedly relate to the first and second elements, but the crux of its motion relates to the third requirement under Rule 702 and thus, the court shall focus its attention on this requirement.

"The third element under Rule 702, namely, whether the expert testimony would assist the trier of fact, 'goes primarily to relevance.' The expert's testimony must 'fit' under the facts of the case so that 'it will aid the jury in resolving a factual dispute.' The standard for the factor is not high; it is met when there is a clear 'fit' connecting the issue in the case with the expert's opinion that will aid the jury in determining an issue in the case."). *Meadows v. Anchor Longwall, et al.,* 306 Fed.Appx. 781, 790 (3d Cir.2009). Plaintiff asserts that Dr. Barkhaus's conclusions are to assist the jury in its assessment of whether Imbody is, in fact, disabled in the major life activity of working as defined in the ADA. The ADA defines an individual with a disability as someone who has a physical or mental impairment that substantially limits one or more of his or her major life activities. 42 U.S.C. § 12102(2)(A). A person is substantially limited in an activity if he cannot perform it or, in comparison to an average person in the general population, is "significantly restricted as to the condition, manner or duration" under which he can perform that activity. 29 C.F.R. § 1630.2(j)(1); *Squibb v. Mem'l Med. Ctr.,* 497 F.3d 775, 781 (7th Cir.2008). When working is the major life activity at issue, it is not enough for a plaintiff to show that his impairment keeps him from doing

4

his present job; an impairment does not substantially limit the major life activity of working unless the condition prevents the plaintiff from performing "a broad range of jobs." 29 C.F.R. § 1630.2(j)(3)(i)[1]; see *Toyota Motor Mfg.,* 534 U.S. at 200; *Squibb,* 497 F.3d at 781-82; *Cassimy,* 461 F.3d at 936; *Peters v. City of Mauston,* 311 F.3d 835, 843 (7th Cir.2002).

Given the above standards, Imbody asserts that Dr. Barkhaus's testimony establishes that he has particular medical restrictions and those restrictions prevent him from performing a broad range of jobs. This, in turn, assists the jury in determining whether Imbody meets the legal definition of "disability" under the ADA.[2]

In response to Plaintiff's assertions, C & R argues that Dr. Barkhaus is not qualified to

---

[1] A "class of jobs" is the job from which a claimant was disqualified, as well as all other jobs utilizing similar training, knowledge, and skills within "the geographical area to which the [claimant] has reasonable access." 29 C.F.R. § 1630.2(j)(3)(ii)(A)-(B). A "broad range of jobs in various classes," in contrast, is the job from which a claimant was disqualified, as well as all other jobs not utilizing similar training, knowledge, and skills within "the geographical area to which the [claimant] has reasonable access." 29 C.F.R. § 1630.2(j)(3)(ii)(A), (C).

[2] Having evidence from a vocational expert is particularly helpful in an ADA case, see *Gelabert-Ladenheim v. Am. Airlines, Inc.,* 252 F.3d 54, 60 (1st Cir.2001) ("...[E]vidence from a vocational expert, though often helpful, is 'far from required.'"). Recently, in *Zahurance v. Valley Packaging Industries, Inc.,* 2010 WL 1005875 (E.D. Wis. March 16, 2010), the court specifically required some evidence from the plaintiff as to how the medical restrictions he had impeded his ability to work. *Id.* ("Without evidence discussing how these restrictions affect Zahurance's ability to work, Zahurance's claim falters, as he cannot show his disability as defined by the ADA based on his lifting restrictions alone under a theory that such restrictions substantially limit his major life activity of working."); see also, *Squibb v. Mem'l Med. Center,* 497 F.3d 775, 782 (7th Cir. 2007). In addition, the court in *Zahurance* indicated that the plaintiff was required to show evidence that he is unable to perform a class of jobs or a broad range of jobs. In *Zwygart v. Bd. of County Comm'rs of Jefferson County, Kan.,* 483 F.3d 1086 (10th Cir.2007), the Tenth Circuit stated:

> In at least three cases, we have affirmed a district court's dismissal of an employee's ADA claim because the employee failed to provide a single document or record helpful in addressing his vocational training, the geographical area to which he has access, or the number and type of jobs demanding similar training from which he would also be disqualified.

5

address the issue of whether Imbody was disabled under the ADA and this is where the half-hearted discussion under the first two elements of Rule 702 begins. C &R argues that Dr. Barkhaus's report fails to address or explain how Imbody's work restrictions comport with the definition of disability under the ADA. Further, it argues that Dr. Barkhaus has never treated the plaintiff, has no personal knowledge of his condition, and relies solely on information supplied to him from other sources. Similarly, nothing in his qualifications show that "he has any medical training or is trained to analyze individual medical situations." (Reply, p. 2). Finally, C & R points out that Dr. Barkhaus qualifications demonstrate that he "primarily provides career and vocational assessments and counseling as well as job search training" and thus, he has little expertise in the area for which his testimony will be utilized. *See Garrett v. University of Alabama at Birmingham*, 507 F.3d 1306 (11th Cir. 2007) (finding that expert assertion that plaintiff could not perform medium or heavy jobs was not supported by specific, objective evidence but rather by assessments of others).

The problem with C & R's arguments in this case, however, is that while they are couched in the language of Rule 702, they do not truly address whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline," *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999) (quoting *Daubert*, 509 U.S. at 592), nor do they challenge the ability of Dr. Barkhaus to opine on the area of his expertise. C & R concedes that Dr. Barkhaus is qualified as a Certified Vocational Expert who evaluates vocational capacity; it concedes that Dr. Barkhaus had access to valid medical information about the plaintiff (it does not, for example, challenge the underlying information used by Dr. Barkhaus to reach his conclusions); and it concedes that his methodology is reliable. Instead, the thrust of C & R's objections go to the weight of his opinions as to the jobs Imbody cannot perform and have no bearing on the admissibility of his opinions.

C & R complains, for instance, that Dr. Barkhaus cannot simply conclude that Imbody cannot perform a class of jobs such as heavy or very heavy without offering any analysis of these limitations in relation to Imbody's vocational training, the geographical area to which he has access, or the number and type of jobs demanding similar training from which plaintiff would also be disqualified. It is true that the regulations provide a list of factors to be considered when determining whether an individual is substantially limited in the life activity of working. 29 C.F.R. § 1630.2(j)(3)(ii). Those factors are:

> (A) The geographical area to which the individual has reasonable access;
>
> (B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
>
> (C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

29 C.F.R. § 1630.2(j)(3)(ii). Yet these are guidelines for what may be considered, not set requirements or the only way that Imbody may prove the issue at trial. Moreover, Dr. Barkhaus does appear in his report to rely on Occupational Employment Statistics for 2008 for the Northeast Indiana Region when assessing the areas or classes of jobs which would be most affected in terms of Imbody's limitations. Given that this case is filed in northeast Indiana, it seems at least initially as though Dr. Barkhaus did not reach his conclusions absent consultation of a limited geographic area. And, to the extent that C & R believes it can discredit Dr. Barkhaus's opinion by demonstrating that he did not consider these factors, that is best left to the art of cross-examination not as a basis to exclude his testimony altogether. Indeed, an objection under Fed.R.Evid. 702 should

not displace traditional methods of attacking evidence. Rather, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert* 509 U.S. at 596.

In the end, "it is generally a jury question whether a perceived class of jobs is substantial enough to qualify as a 'broad class.' " *Cotter v. Ajilon Servs., Inc.,* 287 F.3d 593, 599-600 (6th Cir.2002); see also *Cochrum v. Old Ben Coal Co.,* 102 F.3d 908, 911 (7th Cir.1996) ("The physical restrictions [plaintiff's] physician placed upon him-no overhead work, heavy lifting, or pulling or pushing out from his body-might apply to a broad range of jobs, and are more than job specific."), and thus, whether Imbody's injuries demonstrate he was substantially limited in the area of working is for a jury to determine once it has heard the applicable law and all the facts of the case. As Seventh Circuit Judge Diane Wood wrote in her dissent in *Equal Employment Opportunity Comm. v. Rockwell Int'l Corp.,* 243 F.3d 1012, 1019 (7th Cir.2001) (Wood, J. dissenting):

> [a] trier of fact can tell the difference between generalized criteria that will cut across a broad range of jobs, and specialized criteria that are employer-and workplace-specific, whether or not a vocational expert tells it how many thousands of jobs in the relevant geographic area have similar requirements.

Accordingly, the court concludes that there is no Rule 702 impediment to Dr. Barkhaus's testimony.

In other parts of its briefs, C & R argues directly that the testimony is irrelevant and thus, does not meet the third requirement of Rule 702. To be admissible as relevant evidence under the Federal Rules of Evidence, however, evidence (expert or otherwise) need not meet any exalted level of certainty. It is simply sufficient that the proffered evidence can "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid.R. 401. Here, Dr. Barkhaus's testimony certainly fits within the definition of Rule 401. The fact that is of consequence is whether Imbody is substantially

limited in the major life activity of working; Dr. Barkhaus's testimony makes the determination of that issue more probable than it would be without the evidence; and while the evidence may be vigorously cross-examined it does not alter the fact that its existence enables the trier of fact to make a determination as to a consequential fact.

Finally, C & R asserts that there is no relevance at all to Dr. Barkhaus's opinion that Imbody's future earnings potential has significantly declined as a result of his medical limitations. However, since it does not dispute the underlying conclusion, the methodology employed to reach the conclusion or the qualifications of Dr. Barkhaus to render such an opinion, this issue is best left to an evidentiary objection at trial. It may very well be that testimony regarding Imbody's future earnings is not relevant to any issue before the jury on his ADA claim. However, it also may be relevant to some damage calculation the jury will be asked to decide. The court will need to evaluate the manner in which the testimony is offered and its purpose at the time of trial.

## CONCLUSION

In light of the foregoing, C & R's "Motion to Exclude Anticipated Expert Testimony of Robert S. Barkhaus" is DENIED.

Entered: This 23rd day of June, 2010

s/ William C. Lee
William C. Lee
United States District Court
