# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| STEVE IMBODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-CV-218 |
| | ) |
| C & R PLATING CORP., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion (Docket # 85) filed by Plaintiff Steve Imbody seeking approval of a proposed protective order that purportedly was stipulated to by both parties. (Docket # 85.) As the proposed order (which is limited to the discovery phase of the proceedings) contains several defects, it will be DENIED.

First, the order's definition of "Confidential Information" is impermissibly broad. It seeks to protect, among other things, Defendant's "non-public business records". Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). The category of "business records" is overly broad.

In addition, the term "'[n]on-public' is too vague." *Cook*, 206 F.R.D. at 248-49.

If it means only that the information is not available to the general public, then it

> is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Id.* For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Here, just because Defendant does not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Furthermore, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 946. Here, the proposed order contains no such language.

And finally, Plaintiff asserts that the proposed protective order was stipulated to by the parties. The order, however, is signed by Plaintiff's counsel but not Defendant's counsel.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is

inadequate.

For these reasons, the Court hereby DENIES approval of the proposed protective order submitted by Plaintiff (Docket # 85).

SO ORDERED.

Enter for this 16th day of July, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
