# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **STEVE IMBODY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-CV-218 |
| | ) |
| **C&R PLATING CORP.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Quash Non-Party Subpoenas and for a Protective Order (Docket # 101) filed on August 9, 2010, and supported by a "Local Rule 37.1 Certification." For the reasons provided, the Plaintiff's Motion will be DENIED.

The Plaintiff alleges unlawful discrimination, retaliation, and discharge under the Americans with Disabilities Act. The instant dispute involves the Plaintiff's desire to quash numerous third-party subpoenas the Defendant served on the Plaintiff's past and current employers. The Plaintiff's motion, however, is deficient because it does not comply with the requirements of Local Rule 37.1.

Local Rule 37.1(b) requires that for every motion concerning discovery, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein." The certification is to be filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c).

A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult and deliberate." *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & Kansas City, Kan.*, 192 F.R.D. 698, 699-700 (D. Kan. 2000) (finding that a

single letter between counsel addressing a discovery dispute does not satisfy the duty to confer) (internal quotation marks and citation omitted). The requirement to meet and confer must be taken seriously, because "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006).

Here, it is immediately apparent that the certification is inadequate in that it does not recite, as Local Rule 37.1 requires, the date, time, and place of the supposed conference. Rather, the certification and the supporting materials show that counsel merely exchanged correspondence on August 2, 4, 5, and 6, 2010. The few letters exchanged between counsel, however, hardly amount to a good faith attempt at a conference. *See Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (finding that an exchange of five letters was not a good faith conference).

Consequently, the Plaintiff's Motion (Docket # 101) is DENIED for failing to comply with Local Rule 37.1. The motion can be renewed, if necessary, after counsel conduct a conference, or the Plaintiff shows that a conference was attempted. *See Shoppell,* 2009 WL 2515817, at *2.

SO ORDERED.

Enter for August 10, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge