# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **STEVE IMBODY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    CAUSE NO. 1:08-CV-218 |
| | ) |
| **C & R PLATING CORP.,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a stipulated motion (Docket # 109) filed by the parties seeking approval of an amended proposed agreed protective order. As the amended proposed order (which is limited to the discovery phase of the proceedings) still contains several defects, it will be DENIED.

First, in this Court's Opinion and Order dated July 16, 2010 (Docket # 90) denying the parties' first request for a protective order, the Court pointed out that *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 946 (7th Cir. 1999), specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." Here, the amended proposed order *still* fails to contain such language with respect to any interested member of the public.[1]

Second, the amended proposed order's definition of "Confidential Information" is still impermissibly broad. It seeks to protect "information or documents of any kind pertaining to,

---

[1] Of course, this omission also renders paragraph 17 of the proposed order, stating that it "complies with the mandates set forth . . . in [*Cincinnati Insurance*]", inaccurate.

*but not limited to*, . . . [a]ny non-party personnel files; and . . . [a]ny individual medical records."
(Proposed Agreed Protective Order ¶ 1 (emphasis added).) Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the inclusion of the phrase "but not limited to" renders the categories overly broad.

Third, paragraph 2 of the amended proposed order is too loosely written. It provides: "Each Party shall designate to the other Parties which materials are considered confidential or trade secret . . . ." This language suggests that a party could designate *any* materials that it considers to be confidential or a trade secret, regardless of whether the information satisfies the definition of "Confidential Information" set forth earlier in the order.

Fourth, paragraph 14 of the amended proposed order states that the Court "retains jurisdiction" after the termination of the case. The Court, however, "is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also DEI Inc. v. First Bank of Berne*, No. 1:10-CV-102, 2010 WL 3272831, at *1 (N.D. Ind. Aug. 18, 2010); *Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind.

Aug. 6, 2010).

And finally, while the motion for protective order is signed by counsel for both parties, the actual amended proposed protective order is not. The actual proposed order should also be signed by counsel for both parties.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the amended proposed protective order submitted by the parties (Docket # 109).

SO ORDERED.

Enter for this 23rd day of August, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge